IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES L. ALLEN, ET AL.**                                                              **PLAINTIFFS**

v.                                                                          CAUSE NO. 1:11CV313 LG-RHW

**SHAWN F. GENTRY, ET AL.**                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR SUMMARY JUDGMENT
### AND DENYING MOTION TO STRIKE OR LIMIT TESTIMONY

BEFORE THE COURT are 1) the Motion [88] for Summary Judgment filed by Defendants Shawn F. Gentry and D&E Transportation, Inc., and 2) Plaintiffs' Motion [96] to Strike or Limit Testimony of Proposed Accident Reconstructionist, Jason Walton. The issues have been fully briefed. After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that both Motions should be denied. Jason Walton's expert accident reconstruction opinion testimony is admissible, and there is a question of material fact concerning how the accident at issue in this case occurred.

### PLAINTIFFS' ALLEGATIONS

This case involves a motor vehicle accident that occurred while Plaintiff James L. Allen was driving a commercial garbage truck owned by Waste Management Services, and Defendant Shawn F. Gentry was driving an eighteen-wheel truck owned by D&E Transportation, Inc. Allen alleges that he was traveling south in the right-hand lane of Highway 603 in Hancock County, Mississippi, when Gentry passed him in the left lane, and then rapidly applied his brakes. Allen alleges that Gentry's truck jackknifed in front of him, causing him to unavoidably

strike the rear of the truck. As a result, Allen suffered injuries requiring present and future treatment. He seeks compensatory damages. His wife, Plaintiff Patricia Allen, seeks damages for loss of consortium.

## THE SUMMARY JUDGMENT MOTION

Gentry and D&E Transportation seek summary judgment, arguing that the evidence supporting their version of the accident is more credible than the evidence supporting Allen's allegations. Gentry argues that he was traveling in the right-hand lane of 603 at all times. He had to apply his brakes to allow a vehicle in front of him to make a right turn off the highway. When he did so, he felt Allen's truck push him from behind. (Mot. Summ. J. Ex. B 103-04, ECF No. 88-2). The combination of Gentry's braking and Allen's truck pushing from behind caused Gentry's truck to jackknife. The vehicles came to rest on the right shoulder of Highway 603.

The Defendants hired an accident reconstructionist, Jason Walton, to review the evidence and develop opinions about the cause of the accident. He visited the crash site, reviewed documents and photographs, reviewed deposition testimony and mapped the scene. According to Walton, the evidence shows that Gentry was in the right-hand lane, traveling straight ahead, when Allen struck him from behind. (Mot. Summ. J. Ex. D 5 (¶11), ECF No. 88-4). In Walton's opinion, an eighteen wheeler will not jackknife on a dry road without some outside force acting on it. (*Id.* (¶12)). Thus, in Walton's opinion, the accident occurred because of Allen's actions as Gentry said it did, rather than as a result of Gentry's actions as Allen alleged.

Allen testified that he remembered Gentry "passing me and coming over, and the next thing I know, my world changed." (Pl. Resp. Ex. A 44, ECF No. 93-1). Allen also submits the testimony of Jessica Steele, a witness to the accident. She was employed at the Hancock County Child Development Center, located on Highway 603. The accident occurred while she was outside supervising children in the play yard. She related that she observed a car next to the daycare center "pull[ ] out. That rig was coming. And when that rig come, he automatically switched lanes. I don't recall if there was brakes or anything like that. When he switched lanes, you just all of a sudden started hearing everything. And he caught the Waste Management truck." (Pl. Resp. Ex. B 26, ECF No. 93-2).

The Defendants acknowledge the conflict in the evidence but argue that "the physical evidence at the scene tells the only story that the Court need examine." (Reply Memo. 2, ECF No. 95). The Court disagrees. A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

Defendants expect the jury to disregard the testimony of Allen and Jessica

Steele in favor of the evidence supporting its version of events. But viewed in the light most favorable to the non-movant, the evidence could also support a jury verdict for the Plaintiff. The Court therefore finds summary judgment inappropriate. The Defendant's Motion will be denied.

### THE MOTION TO STRIKE OR LIMIT TESTIMONY

The Plaintiffs object to Jason Walton's expert report, asserting that he is unqualified to render any opinions and does not possess the knowledge, skill, experience, training or education to provide an expert opinion in this case. They contend that he could not examine any physical evidence because the accident had occurred three years prior to his employment. Plaintiffs contend that his opinions about the actions of the vehicles prior to the impact have no foundation, as they are not based on any scientific methodology whatsoever. Plaintiffs further assert that Walton is not qualified to disagree with Jessica Steele's testimony about the accident or the investigating officer's accident report.

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact in understanding the evidence or in determining a fact in issue. A court is charged with a "gatekeeping function" to ensure expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Reliability is analyzed under Rule 702, which requires that: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702.

Further, the expert witness must be qualified "by knowledge, skill, experience, training, or education. . . ." *Id.* A court must exclude an expert witness "if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999).

Plaintiffs do not support their argument that Walton is unqualified to testify as an expert accident reconstructionist in this case. The Defendants show that Walton was trained as an accident reconstructionist by the Mississippi Highway Patrol. He spent ten years as a Mississippi State Trooper, during which time he investigated at least 900 collisions. He has peer-reviewed over 2000 accident reports, is certified in Forensic Mapping and Crash Data Retrieval downloads, and has been qualified as an expert in the field of accident reconstruction in a number of Mississippi courts. Clearly, Walton's qualifications are sufficient for him to testify in this case regarding accident reconstruction.

In regard to the adequacy of Walton's investigation, the Defendants show that Walton examined photographs of the accident scene, reviewed testimony of all of the witnesses, reviewed the accident report prepared by the police department, measured the accident site, analyzed the accident scenario, and interpreted the skid marks. The Court finds that Walton's opinions are based on the laws of physics and on routine calculations which have been tested, peer-reviewed, and regularly relied on by an accident reconstructionist. His opinion testimony will be allowed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [88] for Summary Judgment filed by Defendants Shawn F. Gentry and D&E

Transportation, Inc. is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs' Motion [96] to Strike or Limit Testimony of Proposed Accident Reconstructionist, Jason Walton is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of February, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE